UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T.R. HOOVER COMMUNITY DEV. | § | |
| CORPORATION, SHERRI MIXON | § | |
| AND GREGORY T. MAYS, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:06-CV-2148-O |
| v. | § | |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Paul Garner and Jerry Killingworth's[1] Consolidated Motion to Dismiss For Insufficiency of Service of Process ("Mot.") (Doc. # 49) and Appendix in Support ("Appx.") (Doc. # 50), filed February 14, 2008; Plaintiffs' Objection and Response to the Consolidated Motion to Dismiss ("Pls' Resp.") (Doc. # 60), filed April 1, 2008; and Paul Garner and Jerry Killingworth's Reply Brief ("Reply") (Doc. # 61), filed April 9, 2008.

Having reviewed these filings and the applicable law, the Court finds that Paul Garner and Jerry Killingworth's Consolidated Motion to Dismiss For Insufficiency of Service of Process should be and is hereby **GRANTED.**

**I.  Factual and Procedural Background**

Plaintiffs TR Hoover Community Development Corporation, Sherri Mixon, and Gregory T. Mays (collectively "Plaintiffs") filed this lawsuit on September 28, 2006, in the 191st Judicial District, Dallas County, Texas, alleging claims under 42 U.S.C. §§ 1981, 1983, and 2000d, and

---

[1] The filings in this case refer to Jerry Killingworth and also Jerry Killingsworth. The Court presumes the parties intend to refer to the same individual, who will be referred to in this order as Jerry Killingworth.

1

state common law for violations of due process and equal protection, breach of contract, tortious breach of contract, detrimental reliance, intentional infliction of emotional distress, and abuse of process. *See* Appx. at 21-32 (Plaintiffs' Complaint). The complaint names the City of Dallas ("the City"), Jerry Killingworth ("Killingworth"), Paul Garner ("Garner"), and Robert Tighe as defendants. *Id.* Plaintiffs requested service on the City, Killingworth, and Garner, but never requested service with respect to Robert Tighe. Appx. at 13, 34-41 (State Court Case Summary Document; Citations and Officers' Return Documents). The record shows that a copy of the complaint and citation were served upon the City, Garner, and Killingworth by delivery to the City Secretary. *See* Appx. 35-41.

The City removed this case on November 20, 2006 without the consent of Killingworth, Garner, and Robert Tighe. Appx. at 3-7. The City asserts it did not obtain the consent of these individuals defendants because of its belief that Killingworth, Garner, and Tighe had not been served at the time of removal. *Id.*

On February 14, 2008, Killingworth and Garner filed their consolidated motion asking the Court to dismiss Plaintiffs' claims against them pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. *See generally* Mot. Plaintiffs respond that service was properly made on these defendants by serving the City Secretary or that good cause exists for an extension of time to serve Killingworth and Garner. *See generally* Pls' Resp. The briefing is complete and this issue is ripe for determination.

## II.   **Legal Standards**

Killingworth and Garner have filed a motion to dismiss for insufficient service of process under Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. *See generally* Mot.

Proper service of process is accomplished through a method authorized by Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4. Service upon an individual within a judicial district of the United States may be accomplished in the following ways: by a method authorized by state law for an action brought in the state in which the district court sits, or by (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)

Rule 4 also sets out the time frame for service of the complaint upon a defendant. Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m). When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyn Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985). If plaintiff shows good cause for the failure to serve defendant, Rule 4 requires the court allow additional time for service. FED. R. CIV. P. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "Good cause" normally requires some evidence of good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified. *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). Inadvertence, mistake of counsel, and ignorance of the rules usually do not suffice. *Id.* Where plaintiff has not demonstrated good cause, the court has the discretion to dismiss the case or to allow more time for service upon a showing that relief is justified. *Thompson*, 91 F.3d at 21.

### III. Analysis

Plaintiffs contend that defendants Jerry Killingworth and Paul Garner were properly served and therefore the Court should deny the motion to dismiss. Accordingly, the Court must determine whether Plaintiffs have shown that Killingworth and Garner have either (1) been served or (2) that good cause exists for their failure to effect timely service. *See Winters*, 776 F.2d at 1305.

#### A. Service of Process with respect to Killingworth and Garner

Plaintiffs assert that Killingworth and Garner were properly served when the City Secretary received service of process. Pls' Resp. at 1, 3. Plaintiffs argue that service was proper because Killingworth and Garner were at all relevant times aware of this suit and are now being represented individually by the City's attorneys. *Id.* at 1-3. Killingworth and Garner reply that Plaintiffs' novel legal theory is without merit, as it is not the case that a defendant is deemed automatically served by virtue of selection of an attorney who also happens to be representing another properly served defendant in the action. Reply at 4.

The Court finds that service upon the City Secretary was not proper service of process with respect to defendants Killingworth and Garner. Service on the City Secretary did not constitute service through a method authorized by Rule 4 of the Federal Rules of Civil Procedure, and there is no evidence that service has been waived by Killingworth and/or Garner. *See* FED. R. CIV. P. 4(d-e). The Court notes that Killingworth and Garner's knowledge of the suit is irrelevant, as Rule 4 does not authorize actual notice as a substitute for service of process. *See* FED. R. CIV. P. 4; *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988); *Ellibee v.*

*Leonard*, 226 Fed. Appx. 351, 357 (5th Cir. 2007) (rejecting argument that actual notice is sufficient service of process). It is also irrelevant under Rule 4 that Killingworth and Garner's consolidated motion was filed by a City attorney.[2] *See* FED. R. CIV. P. 4.

Because Plaintiffs have failed to demonstrate that Killingworth and Garner were properly served in this action, the Court must evaluate whether Plaintiffs have demonstrated good cause for the failure to serve these defendants. *See* FED. R. CIV. P. 4(m); *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (noting that "good cause" normally requires some evidence of good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified).

**B. Good Cause**

Plaintiffs assert that if service of process was deficient, good cause exists for the failure to serve defendants within 120 days of filing the complaint. Pls' Resp. at 2-5. Specifically, Plaintiffs argue that good cause exists because Plaintiffs intended to amend their complaint and then serve the amended complaint on Killingworth and Garner. *Id.* at 2-5. Plaintiffs state that because their motion for leave to amend the complaint should be granted, this motion to dismiss should be denied.[3] *Id.* at 5.

---

[2] The Court notes that Plaintiffs argue in the alternative that this motion must be dismissed because Garner and Killingworth have not shown that the attorney who filed this motion has authority to represent Garner and Killingworth, citing Rule 12 of the Texas Rules of Civil Procedure. The Court finds that this Texas procedural rule is inapplicable and that Plaintiffs' argument is not relevant to the defect in service issue.

[3] Plaintiffs' motion for leave to amend their complaint was denied by the Court on June 5, 2008. *See* Doc. No. 73 (3:06-CV-2148-O) (N.D. Tex. Jun. 5, 2008). The briefing for the motion to dismiss was filed before the order denying leave was entered.

Killingworth and Garner reply that Plaintiffs have not shown good cause for the failure to properly serve them. *See generally* Mot.; Reply. Killingworth and Garner note that Plaintiffs have been aware of the defect in service of process since the City of Dallas filed its Notice of Removal on November 20, 2006, which was filed without the consent of Killingworth and Garner on the basis that these individuals had not been properly served. Mot. at 2-3; Appx. 3-7. Killingworth and Garner also note that the defect in service was brought to Plaintiffs' attention when the City filed its Motion for Protective Order and to Quash on November 4, 2007, in which the City argued that deposition notices for Killingworth and Garner should be quashed because the proper nonparty subpoenas and witnesses fees were not provided. Mot at 2-3; Appx. 53-64. Killingworth and Garner argue that Plaintiffs' intent to amend the complaint does not constitute good cause, and that Plaintiffs should not be entitled to extra time for service where Plaintiffs deposed Garner and Killingworth as agents for the City and not independent witnesses. Mot. 2-3; Reply at 5.

The Court finds Plaintiffs have failed to established good cause for their failure to serve defendants Killingworth and Garner. The evidence establishes that Plaintiffs have been on notice of the defect in service of process since November 20, 2006, and were reminded of the service issue when the City filed its motion for a protective order and to quash deposition notices on November 4, 2007. *See* Appx. at 2-7; Appx. at 45-61. However, Plaintiffs voluntarily chose not to serve the original complaint and instead decided to await the Court's ruling on their motion for leave to file an amended complaint with the intention of serving the amended complaint on Killingworth and Garner. However, the rule governing service of an amended complaint does not excuse compliance with the obligation to properly serve the original

complaint on all defendants under Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R.
CIV. P. 4, 5, 15. Thus, the Court finds that Plaintiffs have not come forth with evidence of good faith or a reasonable basis for not properly serving Killingworth and Garner within 120 days of the date the complaint was filed.

Having found that Plaintiffs failed to demonstrate good cause, the Court must next decide whether to exercise its discretion to allow Plaintiffs additional time for service or whether dismissal of Plaintiffs' claims against Killingworth and Garner is appropriate. *See Thompson*, 91 F.3d at 21 (noting that where plaintiff has not demonstrated good cause, the court has the discretion to dismiss the case or to allow more time for service upon a showing that relief is justified).

**C.     Dismissal or Extension of Time for Service**

The comments regarding the most recent amendment of Rule 4(m) of the Federal Rules of Civil Procedure indicate that it may be appropriate for a court to allow additional time for service where a plaintiff is pro se and proceeding *in forma pauperis* or where a defendant evades service or conceals a defect. FED. R. CIV. P. 4(m) cmts. In addition, an extension may be justified if the applicable statute of limitations would bar a refiled action. *Id.*

The Court finds that it is appropriate to dismiss Killingworth and Garner from this action. Plaintiffs are not pro se or proceeding *in forma pauperis,* and have not suggested that a limitation will bar refiling of this action. In addition, there is no evidence to suggest defendants have evaded service of process or concealed defective service. On the contrary, the evidence shows that Plaintiffs were on notice of the defect in service of process on or before November 20, 2006,

but intentionally delayed proper service during this litigation. Appx 2-7; 45-61.[4] Given that trial of this matter is set to begin in two months, any extension of time to allow service of process would disrupt the Court's schedule and severely impact the defendants' ability to prepare a defense in time for trial.

Additionally, the Court finds that dismissal of Plaintiffs' claims against Killingworth and Garner will cause little or no prejudice to Plaintiffs. Though Plaintiffs contend they are asserting individual claims against Killingworth and Garner, the facts pleaded in Plaintiffs' complaint state claims against these defendants for actions taken in an official capacity, rather than as individuals. *See* Appx. at 21-32 (Plaintiffs' complaint). Under 42 U.S.C. § 1983, claims against public employees in an official capacity are actually considered claims against the City. *See Monell v. Dept. of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 n.5 (1978) (stating that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent). Thus, Plaintiffs' official capacity claims against Killingworth and Garner are duplicative of their claims against the City. The City of Dallas has been properly served and is participating in the suit. Accordingly, the Court finds it is appropriate to dismiss Plaintiffs' claims against Killingworth and Garner without prejudice.

## **IV.** **Conclusion**

In sum, the Court finds that Plaintiffs did not properly serve defendants Jerry Killingworth and Paul Garner as required under Rule 4 of the Federal Rules of Civil Procedure. In addition, the Court finds that Plaintiffs have not demonstrated good cause for the failure to

---

[4] The Court notes that Plaintiffs have represented that some case management difficulties arose due to the death of Plaintiffs' counsel's son. Pls' Resp. at 4, n. 4. Plaintiffs have had eighteen months to properly serve defendants and such time should have been sufficient to work out case management difficulties relating to service of process.

8

serve defendants within 120 days of filing the complaint.  Plaintiffs had notice of the defect in service of process early in the litigation, but intentionally delayed proper service.  Furthermore, the Court finds that it is appropriate to dismiss Plaintiffs' claims against Killingworth and Garner rather than allow additional time for service.

Accordingly, Jerry Killingworth and Paul Garner's Consolidated Motion to Dismiss For Insufficiency of Service of Process is hereby **GRANTED**.  Plaintiffs' claims against Jerry Killingworth and Paul Garner are **DISMISSED** from this action **without prejudice** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**SO ORDERED** on this **2nd** day of **July, 2008.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**