UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T.R. HOOVER COMMUNITY DEV. | § | |
| CORPORATION, SHERRI MIXON | § | |
| AND GREGORY T. MAYS, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:06-CV-2148-O |
| v. | § | |
| | § | |
| CITY OF DALLAS, *et al..,* | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant City of Dallas' Motion to Dismiss (Doc. # 97), filed

August 27, 2008, Plaintiffs' Response (Doc. # 102), and the City's Reply (Doc. # 104).

Having reviewed these filings and the applicable law, the Court finds that Defendant's

motion to dismiss should be and is hereby **GRANTED.**

I.      Factual and Procedural Background

Plaintiffs TR Hoover Community Development Corporation, Sherri Mixon, and Gregory

T. Mays (collectively "Plaintiffs") filed this lawsuit on September 28, 2006, in the 191st Judicial

District, Dallas County, Texas, alleging claims under 42 U.S.C. §§ 1981, 1983, and 2000d, and

state common law for violations of due process and equal protection, breach of contract, tortious

breach of contract, detrimental reliance, intentional infliction of emotional distress, and abuse of

process.  Doc. # 1 (Notice of removal, attaching state court petition).  The petition named the

City of Dallas ("the City"), Jerry Killingsworth ("Killingsworth"), Paul Garner ("Garner"), and

Robert Tighe as defendants.  *Id.*  The City removed the case to this Court on November 20,

2006.  *Id.*

On February 14, 2008, Killingsworth and Garner filed their consolidated motion asking the Court to dismiss Plaintiffs' claims against them pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. Doc. # 49. This motion was granted on July 2, 2008. Doc. # 79. Defendant Robert Tighe has also been dismissed from this action. *See* Doc. # 89.

On August 7, 2008, Plaintiffs filed their First Amended Complaint, which adds claims against the City, including claims for damage to business reputation and tortious interference with a contract. Doc. # 91. In addition, the complaint indicates that Plaintiffs are pursuing claims against Killingsworth and Garner in their official capacities.[1] *Id.*

On August 27, 2008, Defendant City of Dallas filed its Answer and Motion to Dismiss. Doc. # 97. Defendant argues that Plaintiffs' First Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the City is immune from liability for intentional torts, and the Complaint includes claims against Garner and Killingsworth in their official capacities. *Id.* Plaintiffs respond that the City is not immune from Plaintiffs' state law tort claims because of 42 U.S.C. § 2000d-7, and also state that their claims against Garner and Killingsworth are proper. In the alternative, Plaintiffs ask for leave to amend their complaint if it is found deficient. Plaintiffs also request attorney's fees incurred in connection with responding to Defendant's motion. These issues are ripe for determination.

## II.    Legal Standard

---

[1] On August 6, 2008, the Court held a hearing in connection with Plaintiffs' motion to amend their complaint. *See* Doc. # 89. At that hearing, the Court ruled that Plaintiffs could not assert any claims against Jerry Killingsworth and Paul Garner. The Court will address Plaintiffs' failure to comply with this order in connection with the Court's ruling on Plaintiffs' motion to reconsider the order to remove Defendants Killingsworth and Garner from the Amended Complaint in their Individual Capacities (Doc. # 96), filed August 20, 2008.

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The factual allegations of a complaint must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.*

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). In ruling on such a motion, the court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.* The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    Analysis**

### A. Intentional Tort Claims

The City argues that Plaintiffs' First Amended Complaint should be dismissed because the City is immune from liability for intentional torts. The City identifies the following intentional tort claims Plaintiffs bring against it: Intentional infliction of emotional distress, abuse of process, damage to business reputation, and tortious interference with contract. Plaintiffs responds that the City is not immune from Plaintiffs' state law tort claims due to waiver of immunity under 42 U.S.C. § 2000d-7.

The Court finds that the intentional tort claims asserted in Plaintiffs' First Amended Complaint should be dismissed because the City is immune from liability for intentional torts. Under Texas law, a government unit, such as a city, is immune from tort liability unless the legislature waives immunity. *See Harris County v. Dillard*, 883 S.W. 2d 166, 168 (Tex. 1994); *see also* TEX. CIV. PRAC. & REM. CODE § 101.001 (including city in the definition of "governmental unit"), § 101.057. This immunity shields municipalities from liability and suits arising out of intentional torts committed by governmental employees. *Univ. Of Tex. Medical Branch at Galveston v. Hohman*, 6 S.W.3d 767, 775-77 (Tex. App.—Houston [1st Dist] 1999, pet. dism'd w.o.j.). Although the legislature has waived governmental immunity in some situations, the Court finds no evidence that the legislature has waived immunity with respect to intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057.

Plaintiffs appear to argue that the legislature waived immunity for intentional torts where a governmental entity receives any federal funding, citing 42 U.S.C. § 2000d-7. Section 2000d-7 provides that no state shall be immune under the Eleventh Amendment from suit in federal court for a violation of the Rehabilitation Act of 1973, Title IX of the Education Amendments of 1972,

the Age Discrimination Act of 1963, or the provisions of any other federal statute prohibiting discrimination by recipients of federal financial assistance. 42 U.S.C. § 2000d-7. Plaintiffs argue that under this provision, the City cannot claim immunity from intentional tort claims under Texas law because it has received funding from the United States Housing and Urban Development Agency.

The Court finds this argument without merit. The City has not moved to dismiss any claims arising under the statutes listed in 42 U.S.C. § 2000d-7. To waive immunity, the legislature must do so by clear and unambiguous language. *Univ. Of Tex. Medical Branch at Galveston*, 6 S.W.3d at 775. The Court finds no clear and unambiguous language demonstrating waiver of immunity for intentional torts within the provision cited by Plaintiffs or anywhere else.

The Court finds, assuming all of the facts in Plaintiffs' First Amended Complaint are true, that the City is immune from Plaintiffs' claims for intentional torts. Accordingly, Defendant's motion to dismiss is hereby granted with respect to these claims.

### B. Official Capacity Claims against Garner and Killingsworth

Defendant City of Dallas also moves to dismiss Plaintiffs' official capacity claims against Paul Garner and Jerry Killingsworth. The City notes that Texas federal courts normally grant motions to dismiss official capacity claims against individual defendants when the governmental entity is also a defendant.[2]

---

[2] The City also notes that the First Amended Complaint, filed August 7, 2008, does not comport with the Court's August 6, 2008 order limiting Plaintiffs' complaint. Doc. # 97. The City states that, to avoid confusion or misunderstanding, it respectfully requests Plaintiffs' claims against Garner and Killingsworth be dismissed with prejudice. *Id.* This issue will be addressed in connection with the Court's ruling on Plaintiffs' motion to reconsider.

In response, Plaintiffs state that their claims against Garner and Killingsworth are proper. Plaintiffs appear to argue that official capacity claims against Garner and Killingsworth are proper because Garner and Killingsworth are not entitled to Eleventh Amendment immunity, pursuant to the *Ex Parte Young* exception.

Official capacity suits are another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Fifth Circuit has noted that a district court correctly dismisses allegations against municipal officers in their official capacitites when the respective governmental entity is defending in the suit, as the official capacity allegations duplicate claims against the government entity. *Romero v. Becken*, 256 F.3d 349 (5th Cir. 2001) (where Fifth Circuit considered propriety of district court's grant of dismissal for failure to state a claim under Rule 12(b)(6)); *Barrow v. Greenville Indep. Sch. Dist.*, 3:00 -CV-913-D, 2000 WL 34226872 at *1 (N.D. Tex. July 14, 2000) (J. Fitzwater, presiding).

Plaintiffs' First Amended Complaint asserts claims against Garner and Killingsworth only in their official capacity. *See* Doc. # 91. In addition, the relevant governmental entity, the City of Dallas, is defending in this action. Since Plaintiffs' claims against Garner and Killingsworth are duplicative of their claims against the City, the Court finds it appropriate to dismiss Plaintiffs' official capacity claims against Garner and Killingsworth.

The Court does not find Plaintiffs' references to the Eleventh Amendment and *Ex Parte Young* have any relevance to this case. The Court notes that municipalities are not arms of the state for purposes of the Eleventh Amendment, and that the City has not attempted to raise any Eleventh Amendment immunity defenses. *See Williams v. Dallas Area Rapid Transit*, 242 F.3d

315, 321 (5th Cir. 2001). Accordingly, Defendant's motion to dismiss Plaintiffs' official capacity claims asserted against Garner and Killingsworth is hereby granted.

### C. Plaintiffs' motion for leave

In response to Defendant's motion to dismiss, Plaintiffs ask for leave to amend their complaint if it is found deficient. Having granted Defendant's motion to dismiss, and considering the liberal pleading standards set out in the Federal Rules of Civil Procedure, the Court finds that leave should be granted. Accordingly, Plaintiffs are granted leave to file their Second Amended Complaint, which shall not contain any claims asserted against Jerry Killingsworth and Paul Garner and shall also not contain any intentional tort claims against the only remaining defendant, the City of Dallas. Plaintiffs are instructed not to refer to Jerry Killingsworth or Paul Garner in the caption of their complaint or in the section regarding parties to the suit. While it may be appropriate to refer to these individuals in connection with the facts alleged, Plaintiffs are instructed not to indicate in their complaint that any claims are being brought against Garner or Killingsworth in any capacity.

Plaintiffs are ORDERED to file their Second Amended Complaint by **5:00 p.m.** on **February 16, 2009.**

### D. Plaintiffs' Request for Attorney's Fees

The Court does not find evidence of any circumstances warranting the award of attorney's fees to Plaintiffs in connection with responding to Defendant's meritorious motion to dismiss. To the extent the Court has such discretion, it declines to exercise it.

## IV.    Conclusions

For the foregoing reasons, the Court hereby **GRANTS** Defendant City of Dallas' Motion to Dismiss (Doc. # 97). In addition, the Court grants Plaintiffs leave to file their Second Amended Complaint. Plaintiffs are **ORDERED** to file this pleading by **5:00 p.m.** on **February 16, 2009**.

**SO ORDERED** on this **3rd** day of **February, 2009**.


_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**